IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOTORISTS COMMERCIAL
MUTUAL INSURANCE COMPANY,

     Plaintiff,

v.

                        Case No. 26-cv-03123

BNSF RAILWAY COMPANY, VOSS
EQUIPMENT, INC., AND BEVERLY
CORRAL

     Defendants.

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Motorists Commercial Mutual Insurance Company ("Plaintiff" or the "Insurer"), by and through its attorneys, Keefe, Campbell, Biery & Associates, LLC for its Complaint for Declaratory Judgment against Defendants BNSF Railway Company ("BNSF"), Voss Equipment Inc., and Beverly Corral, states as follows:

I. NATURE OF THE ACTION

1. This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

2. Plaintiff seeks a judicial declaration regarding the rights and obligations of the parties under the Certified Insurance Policy issued to Defendant Voss Equipment, Inc. A copy of the Certified Policy is attached as Exhibit 1.

—1—

3. Plaintiff seeks a determination that it has no duty to defend or indemnify BNSF Railway Company with respect to the Underlying Lawsuit.

4. The dispute arises from a lawsuit pending in which a railroad employee has brought claims under the Federal Employers' Liability Act ("FELA") against BNSF. That Lawsuit is attached to this Complaint as Exhibit 2.

5. BNSF has tendered the defense and indemnity of that lawsuit to Plaintiff under the policy issued to Voss Equipment, Inc.

6. Plaintiff contends that coverage is barred or otherwise limited under the terms of the policy, including but not limited to the Employer's Liability exclusion, late notice, and the limitations applicable to additional insured coverage.

7. Plaintiff therefore seeks a declaration determining whether it owes any duty to defend or indemnify BNSF in connection with the underlying action. Hence, there is an actual controversy between the parties.

## II. PARTIES

8. Plaintiff Motorists Commercial Mutual Insurance Company is an insurance company and a corporation organized under the laws of the State of Ohio with its principal place of business in Ohio.

9. Defendant BNSF is a corporation organized under the laws of the State of Delaware with its principal place of business in Texas.

10. Defendant Voss Equipment, Inc. is a corporation organized under the laws of Illinois with its principal place of business in Illinois.

—2—

11.     Beverly Corral is domiciled in the State of Illinois.

12.     BNSF operates railroad facilities and transportation services throughout the United States, including in the State of Illinois.

## III. JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the underlying action arises from events occurring in this District and the insurance policy was issued in connection with operations within this District.

## IV. THE INSURANCE POLICY

15.     Plaintiff issued Commercial General Liability Policy No. 5000222314 (the "Policy") to Voss Equipment, Inc.

16.     The Policy provides coverage for "bodily injury" and "property damage" subject to its terms, conditions, exclusions, and endorsements.

17.     The Policy contains pertinent sections as follows:

**1.** Exclusions

This insurance does not apply to:

**a.**     Employer's Liability

"Bodily injury" to:

**(1)**  An "employee" of the insured arising out of and in the course of:
  **(a)** Employment by the insured; or
  **(b)** Performing duties related to the conduct of the insured's business; or

—3—

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

## SECTION IV–COMMERCIAL GENERAL LIABILITY CONDITIONS

**1. Duties In The Event Of Occurrence, Offense,**

**Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily

—4—

> make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

18. The Policy contains an exception to the Employer's Liability exclusion for liability assumed by the insured under an "insured contract."

19. The Policy includes a railroad contractual liability endorsement replacing the definition of "insured contract" for scheduled railroads and designated job sites.

20. The Policy further includes endorsements addressing additional insured status for parties for whom the named insured performs operations pursuant to written agreements.

21. The Policy also requires prompt notice of occurrences, claims, and suits.

## V. THE UNDERLYING ACTION

22. On or about October 1, 2024, a Beverly Corral filed a lawsuit against her employer, BNSF, under the Federal Employers' Liability Act.

23. The underlying lawsuit alleges that the plaintiff suffered bodily injury while employed by BNSF.

24. The underlying complaint seeks damages for personal injuries allegedly sustained in the course of the plaintiff's employment with BNSF.

25. The underlying action is currently pending in The Circuit Court of Cook County, Illinois, and is scheduled for trial in October 2026.

## VI. TENDER OF DEFENSE

26. On or about January 22, 2026, BNSF tendered the defense and indemnity of the underlying lawsuit to Plaintiff.

27. The underlying lawsuit had been pending since approximately 2024.

28. The tender was therefore made approximately two years after the filing of the underlying action.

29. The significant delay constitutes late notice under the terms of the Policy.

30. Plaintiff further contends that the late notice has prejudiced its ability to investigate, control the defense, and participate in the litigation.

## VII. COVERAGE DISPUTE

31. Plaintiff disputes that the Policy provides coverage for the claims asserted in the underlying action.

32. The underlying lawsuit arises from bodily injury to an employee of BNSF.

33. Plaintiff contends that the Employer's Liability exclusion bars coverage for such claims.

34. Plaintiff further contends that additional insured coverage, if any, does not extend to liability arising from bodily injury to BNSF's own employee.

—6—

35.     Plaintiff also contends that the delayed notice prejudiced Plaintiff and constitutes a breach of the Policy's notice provisions.

36.     An actual and justiciable controversy therefore exists between Plaintiff and Defendants regarding the interpretation and application of the Policy.

## COUNT I
## DECLARATORY JUDGMENT

37.     Plaintiff realleges paragraphs 1 through 36 as though fully set forth herein.

38.     Plaintiff seeks a declaration determining the rights and obligations of the parties under the Policy.

39.     Plaintiff seeks a declaration that the Policy does not provide coverage for the claims asserted in the underlying action.

40.     Plaintiff further seeks a declaration that Plaintiff has no duty to defend BNSF in the underlying lawsuit.

41.     Plaintiff further seeks a declaration that Plaintiff has no duty to indemnify BNSF for any judgment or settlement arising out of the underlying lawsuit.

42.     Plaintiff further seeks a declaration that any potential coverage is barred or limited by the Employer's Liability exclusion and the Policy's notice provisions.

43.     Plaintiff further seeks a declaration that Plaintiff has no obligation to pay defense costs or indemnity beyond the terms of the Policy.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and:

A.  Declare that the Policy does not provide coverage for the claims asserted in the underlying action;

B.  Declare that Plaintiff has no duty to defend Defendants in the underlying action;

C.  Declare that Plaintiff has no duty to indemnify Defendants for any judgment or settlement in the underlying action;

D.  Award Plaintiff its costs and such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Bradley J. Smith

Bradley J. Smith
Keefe, Campbell, Biery & Associates, LLC
118 N. Clinton Street, Suite 300
Chicago, IL 60661
(312) 756-1800
Email: bsmith@keefe-law.com

—8—